**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| USA MASTERS WEIGHTLIFTING INC.,<br><br>Plaintiff,<br><br>v.<br><br>USA WEIGHTLIFTING, INC.,<br><br>Defendant. | Civil Action No.: 1:25-cv-06095-JSR<br><br>**[PROPOSED] ORDER FOR PERMANENT INJUNCTIVE RELIEF** |

On March 17, 2026, the Court entered its Opinion and Order denying the plaintiff's motion for summary judgment in its entirety and granting the defendant's motion for summary judgment in its entirety. ECF No. 48. The Court's Opinion and Order dismissed the plaintiff's claims and held that liability was established on defendant's counterclaims for (1) trademark infringement in violation of 15 U.S.C. § 1114; (2) false designation of origin in violation of 15 U.S.C. § 1152(a); (3) violation of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(1)(A); (4) conversion; and (5) and (6) two violations of New York Deceptive Trade Practices law. ECF No. 48. Before the Court is defendant USA Weightlifting's motion for injunctive relief. For the following reasons, the Court grants the motion.

I.      Background

The Court assumes familiarity with the factual record as set forth in the parties' Rule 56.1 statements and with the findings and orders set forth in the Court's March 17, 2026 Opinion and Order. USA Weightlifting owns and controls several distinct, federally registered trademarks and design marks, including word and design marks for USA WEIGHTLIFTING and USA MASTERS WEIGHTLIFTING (collectively, the "USA WEIGHTLIFTING MARKS") with the following federal registration numbers: No. 7,603,904, No. 7,355,204, No. 7,603,810, No. 7,603,811, No.

7,603,812, No. 4,976,345, No. 4,976,344, No. 6,618,338, No. 6,618,337, No. 6,618,339, No. 6,618,340, No. 4,815,925, and No. 4,815,926, as shown in paragraphs 21 and 22 of USA Weightlifting's First Amended Counterclaims filed November 4, 2025, ECF No. 19. USA Weightlifting has the exclusive right to use the USA WEIGHTLIFTING MARKS in commerce for the goods and services described in the registrations.

II.    Legal Standard

The Lanaham Act authorizes injunctive relief to prevent violations of trademark rights. Under 15 U.S.C. § 1116(a), district courts have the power to issue injunctions, according to principles of equity, to prevent the violation of any right of a trademark registrant, including to halt infringement, false designation of origin, unfair competition, and violations of the ACPA. In any civil action involving "the registration, trafficking, or use of a domain name" in violation of the ACPA, district courts "may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. 1125(d)(1)(C).

A plaintiff is entitled to entry of a permanent injunction upon a showing "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also Hermès Int'l v. Rothschild*, 678 F. Supp. 3d 475, 488 (S.D.N.Y. 2023).

III.    Discussion

A.    Irreparable Injury

A plaintiff seeking an injunction "shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion

for permanent injunction." 15 U.S.C. § 1116(a); *see also Louis Vuitton Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 537 (2d Cir. 2005) ("In trademark disputes, a showing of likelihood of confusion establishes...irreparable harm") (internal quotation marks omitted).

Here, the defendant USA Weightlifting is entitled to a rebuttable presumption of irreparable harm by virtue of the Court's Opinion and Order granting the defendant's motion for summary judgment on its counterclaims for trademark infringement, false designation of origin, and ACPA violations. ECF No. 48 at 5-15. Defendant has not rebutted the presumption of irreparable harm.

### B.    Adequacy of Legal Remedies

"A plaintiff has no adequate remedy at law if it can show that, absent an injunction, the defendant is likely to continue infringing its trademarks." *Hermès Int'l*, 678 F. Supp. 3d at 490 (quotation omitted). "Because the losses of reputation and goodwill and resulting loss of customers are not precisely quantifiable," monetary damages alone are inadequate to compensate trademark owners for their injuries. *Diesel S.P.A. v. Does*, No. 14-CV-4592 (KMW), 2016 WL 96171, at *10 (S.D.N.Y. Jan. 8, 2016); *see also John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 637 (S.D.N.Y. 2018) (jury's determination of willful infringement and defendants' continuing infringement demonstrate likelihood of "injury in the absence of an injunction and that money damages alone are insufficient."); *Amplify Car Wash. Advisors LLC v. Car Wash. Advisory LLC*, No. 22-cv-5612 (JGK), 2025 WL 2345012, at *2 (S.D.N.Y. Aug. 13, 2025) (continued ownership of infringing domains supports finding that infringer might continue unless enjoined).

Here, the record shows that money damages alone would be insufficient. Plaintiff ignored two demand letters, continued its infringement and cybersquatting activities through the course of

the lawsuit and after the Court's Opinion and Order establishing plaintiff's liability and bad faith. In the absence of a permanent injunction, plaintiff's continued infringement is likely.

### C.    Balance of Hardships

The balance of hardships favors the defendant. USA Weightlifting has spent substantial time and resources over decades to build the strength and recognition of the USA WEIGHTLIFTING MARKS. *See* ECF No. 26 ¶¶ 23-24, 94-104. Those investments have produced significant success. *See id.* ¶¶ 6, 46. Plaintiff's bad faith infringement and cybersquatting and continued infringement exploits that hard earned goodwill. *See John Wiley & Sons*, 327 F. Supp. 3d at 637 ("The balance of hardships tips in Plaintiffs' favor each time Defendants sell an infringing work"). By contrast, it presents no hardship for Plaintiff to follow the law. An infringer "cannot complain about the loss of ability to offer its infringing product" or service. *See WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012) (quotation omitted).

### D.    Public Interest

"The consuming public has a protectable interest in being free from confusion, deception and mistake." *U.S. Polo Ass'n v. PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515, 541 (S.D.N.Y. 2011); *see also NYC Triathlon LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 344 ("[T]he public has an interest in not being deceived—in being assured that the mark it associates with a product is not attached to goods of unknown origin and quality."). Protecting defendant's valid trademarks from infringement does not disserve the public interest.

### IV.    Order

The defendant satisfies all of the requirements for a permanent injunction. Accordingly, the Court GRANTS the defendant's motion for injunctive relief and hereby ORDERS as follows:

1.      Pursuant to 15 U.S.C. § 1116(a), plaintiff and each of its officers, directors, employees, agents, and affiliates and all other persons acting in privity or in concert with them, are hereby immediately and permanently enjoined and restrained, directly or indirectly, from any of the following:

a.      Using the USA WEIGHTLIFTING MARKS or any other reproduction, counterfeit, copy, or colorable imitation of such marks to identify any goods or render any services not authorized by USA Weightlifting;

b.      Using the words "USA Masters Weightlifting" or "USA Weightlifting" in any combination as a corporate or trade name, as part of a website URL, or as part of the title of any social media websites or platforms;

c.      Using the USA WEIGHTLIFTING MARKS or any marks or images confusingly similar to the USA WEIGHTLIFTING MARKS;

d.      engaging in acts that constitute trademark infringement, unfair competition, or false advertisement under the laws of the United States and that would damage or injure USA Weightlifting;

e.      Using a false description or representation, including words falsely describing or representing unauthorized goods or services as being those of USA Weightlifting or as being sponsored by or associated with USA Weightlifting;

f.      Using the USA WEIGHTLIFTING MARKS or any other simulation, reproduction, counterfeit, copy, or colorable imitation of such marks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any unauthorized goods or services in such fashion as to relate

or connect, or tend to relate or connect, such goods or services in any way to USA Weightlifting, or to any goods or services provided by or connected to USA Weightlifting;

g.    Making any statement or representation, or using any false designation of origin or false description, or performing any act, which is likely to lead the public to believe that any services provided or products manufactured, authorized, distributed, sold, or offered for sale by plaintiff are in any way associated or connected with USA Weightlifting, or are provided, sold, manufactured, licensed, approved, sponsored, or authorized by USA Weightlifting;

h.    Effecting assignments or transfers, forming new entities or associations, or utilizing any other device or act for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (g); and

i.    Inducing, encouraging, instigating, aiding, abetting or contributing to any of the aforesaid acts.

2.    Pursuant to 15 U.S.C. § 1118, plaintiff and each of its officers, directors, employees, agents, and affiliates and all other persons acting in privity or in concert with them are hereby ordered to destroy all unauthorized materials bearing the USA WEIGHTLIFTING MARKS or any other reproduction, counterfeit, copy, or colorable imitation of such marks in association with unauthorized goods or services and the means for production of same.

3.    Pursuant to 15 U.S.C. §§ 1116(a) and 1125(d)(1)(C), plaintiff and each of its officers, directors, employees, agents, and affiliates and all other persons acting in privity or in concert with them, are hereby permanently enjoined and restrained, directly or indirectly, from using the domain names and websites www.mastersweightlifting.org and www.usamastersweightlifting.com and ordered to take all actions necessary to transfer all

6

ownership, control, and authority over such domain names to USA Weightlifting and all internet service providers for plaintiff shall take any actions necessary to effectuate such transfer.

4.     Pursuant to 15 U.S.C. § 1116(a), within thirty days after the date of this Order for Permanent Injunctive Relief, the plaintiff shall file with the court and serve on the defendant USA Weightlifting a report in writing under oath setting forth in detail the manner and form in which the plaintiff has complied with this Order for Permanent Injunctive Relief.

5.     The Court shall retain jurisdiction of this action for the purpose of enabling USA Weightlifting to apply to the Court for such further orders for the enforcement or compliance herewith and for the punishment of any violation thereof.

6.     The Court shall determine damages separately pursuant to its March 17, 2026 Opinion and Order, ECF 48, and the procedure set forth in its March 27, 2026 Minute Entry.

Dated: _____4/17____, 2026.          BY THE COURT

_____
UNITED STATES DISTRICT COURT JUDGE